IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAUL I. WILLS                                                                                          PLAINTIFF

V.                                              CASE NO. 2:20-CV-2150

ENCOMPASS INSURANCE COMPANY
and ENCOMPASS INDEMNITY COMPANY                                                  DEFENDANTS

OPINION AND ORDER

Now before the Court are a Motion to Vacate (Doc. 13) and Brief in Support (Doc. 14) filed by Defendants Encompass Insurance Company and Encompass Indemnity Company (collectively, "Encompass").   Plaintiff Paul I. Wills[1] submitted a Response in Opposition to the Motion (Doc. 28), and Encompass filed a Reply (Doc. 29).  The matter is ripe for decision.

Encompass asks this Court to vacate a summary judgment order that was issued by the Circuit Court of Sebastian County, Arkansas, on May 31, 2019.  *See* Doc. 13-1. The state court found in favor of Dr. Wills on his first-party breach of insurance contract claim, which arose from a car accident involving himself and another driver.  Dr. Wills maintained that the other driver caused him to suffer severe and permanent injuries that made him unable to work again.  At the time of the accident, Dr. Wills was in his seventies and was suffering from Stage 1 Parkinson's disease.  He could still practice medicine, but he could no longer perform surgery, which was his medical specialty.  He contends that he was still working as a doctor while keeping his Parkinson's symptoms at bay by maintaining an active lifestyle and exercising daily with a personal trainer.  He expected

---

[1] Plaintiff is an ear, nose, and throat surgeon, so the Court will refer to him as "Dr. Wills" throughout this opinion.

to continue working in the medical field for approximately three more years before retiring. When the accident happened, however, he sustained immediate injuries to his neck, and back.  He also maintains that the progression of his Parkinson's disease dramatically accelerated, and shortly after the accident, his ability to walk, speak, think, and provide self-care worsened.

Initially, Dr. Wills collected $50,000 from the third-party insurance company.  He maintained that his damages well exceeded that amount, so he made a demand on his own insurer, Encompass, for underinsured motorist coverage in the amount of $500,000—the policy's limit.  Encompass did not deny that Dr. Wills was injured in the accident; instead, it contested to what extent his claimed injuries, including his Parkinson's-related impairments, were proximately caused by the accident.  After a hearing and full briefing on the motion, the state court found as a matter of law that Encompass had breached the terms of its policy and awarded Dr. Wills the policy's limit of $500,000 in damages.  *See* Doc. 2-15.  Then, on June 4, 2019, the court granted Encompass's cross-motion for summary judgment as to Dr. Wills's claim of bad faith. *See* Doc. 2-17.  As no other claims were pending in the lawsuit, Encompass filed a notice of appeal of the summary judgment order on breach of contract on June 28, 2019.  *See* Doc. 2-26.

At that point, the litigation took an unexpected turn.  Even though the case was on appeal, Dr. Wills asked the trial court on July 17, 2019, to modify its judgment with respect to the bad faith claim.  *See* Doc. 2-28.  He argued that Encompass's request for summary judgment should not have been treated as such because the magic words, "genuine issue as to any material fact," did not appear anywhere in the motion.  *See id.* at p. 3.  Dr. Wills

2

claimed that without those magic words, the motion was simply a request for dismissal without prejudice under Arkansas Rule of Civil Procedure 12(b)(6).  He cited no authority in support of this argument.[2]  Encompass filed a response in opposition (Doc. 2-29) that argued there was no legal or factual reason why the court should modify its earlier order.

For reasons unknown to this Court, the state trial court issued an order on August 16, 2019, granting Dr. Wills's motion to modify the bad faith judgment.  The order contained no reasoning and no citations to law.  *See* Doc. 2-38.  It simply stated that the original summary judgment order would be "set aside" and that the motion would be "considered as a Motion to Dismiss."  *Id.*  The bad faith claim was then deemed dismissed without prejudice, rather than with prejudice.  *Id.*

Having won that initial battle, Dr. Wills next petitioned the trial court to reconsider its dismissal of the bad faith claim altogether.  This motion was filed on September 20, 2019—eighty-four days after the notice of appeal was filed and the same day the trial court's record was lodged with the Arkansas Court of Appeals.  *See* Doc. 2-46.  In support of the motion, Dr. Wills restated many of the facts that appeared in his original complaint and then argued that those facts stated a valid claim for the tort of bad faith.  Rather than respond to the motion, Encompass's counsel sent a letter to the presiding judge reminding him that the case was now on appeal and that the trial court lacked jurisdiction

---

[2] The motion in question was titled, "Defendants['] Motion for Partial Summary Judgment," and it explicitly asked the court to dismiss the claim of bad faith with prejudice.  *See* Doc. 2-9, pp. 1–2.  The motion assumed that all facts in the complaint relating to bad faith were true and that the claim should nonetheless be dismissed as a matter of law.  Interestingly, Dr. Wills offered the same "magic words" argument noted above in his response to the motion. (Doc. 2-11, p. 1).  Dr. Wills also responded to the motion by citing to evidence that was outside the scope of the pleadings, including multiple medical records and doctors' summaries.  *See, e.g., id.* at pp. 42–46.  This indicates that he believed the motion to be a request for summary judgment and treated the motion as such.

to reconsider its earlier rulings.  *See* Doc. 2-50.  The judge agreed with counsel in a letter dated October 7, 2019.  He promised to "entertain no further matters in this case." (Doc. 2-39).

Several months later, on May 27, 2020, the Court of Appeals issued its decision. *See* Doc. 2-54.   The court determined that an "issue of finality was created" when the trial court modified its summary judgment order to dismiss the bad faith claim without prejudice.  *Id.* at p. 8.[3]   This unusual action by the trial court must have caused the Court of Appeals to question whether the orders in the case were final and appealable. The appellate court concluded that "[t]he dismissal without prejudice gave Wills the option of pleading further or appealing," so the appeal was not yet ripe for review.  *Id.*

Once the case was returned to the Circuit Court, Dr. Wills resuscitated his claim for bad faith by filing an amended complaint on July 21, 2020, that listed only that cause of action.  *See* Doc. 2-59.  The amended complaint also added a new defendant, Allstate Insurance Company ("Allstate"), and alleged that both Allstate and Encompass committed the tort of bad faith.  Not only did the trial court permit the amendment, but it also issued a pre-trial scheduling order on July 31, 2020, setting the claim for trial.  *See* Doc. 2-61. In an apparent effort to tie up loose ends, the trial court issued an order on August 12, 2020, that wiped from the record any trace of the court's earlier dismissal of the bad faith claim.  The court did this by granting Dr. Wills's motion to reconsider—which was filed on September 20, 2019, and had languished on the docket for approximately a year while

---

[3] The trial court was still within its jurisdiction to issue this order on August 16, 2019, since the appellate record had not yet been lodged as of that date.  According to the Court of Appeals's order, the trial court relinquishes jurisdiction only after the record is lodged on appeal.  *See* Doc. 2-54, p. 8.

the case was on appeal.  The reader may recall that shortly after Dr. Wills filed this particular motion, Encompass reminded the court that it was without jurisdiction to rule, and the court had agreed.  It appears Encompass never filed a response to the motion, and that lack of response became the sole basis for the trial court's decision to grant the motion for reconsideration and vacate the order of dismissal.  *See* Doc. 2-65.

The next thing that happened was that Allstate removed the case to this Court based on federal diversity jurisdiction.  *See* Doc. 1.  Dr. Wills filed an Amended Complaint here on August 24, 2020.  (Doc. 6).  He filed a Second Amended Complaint on September 24, 2020.  (Doc. 21).  He then filed a motion to voluntarily dismiss Allstate from the case pursuant to Rule 41(a)(2) on December 1, 2020.  (Doc. 33).  Once the dust settled, the only parties left in the lawsuit were Dr. Wills and Encompass.  In a last-ditch attempt to return to his preferred forum, Dr. Wills filed a motion to remand to state court on January 8, 2021, but the request was without merit.  As the Court explained in its order denying the motion, "Even after Allstate's dismissal, the remaining parties are completely diverse, and the amount in controversy exceeds $75,000"; therefore, there is federal subject matter jurisdiction.  (Doc. 45, p. 2).

Now that the Court has recited the complicated procedural history of this case, the task of ruling on Encompass's pending Motion to Vacate is rather straightforward.  The Motion asks the Court to sit in judgment over the state court's June 4, 2019 dismissal of Dr. Wills's breach of contract claim.  The true purpose of the Motion is therefore to obtain a "do-over" of the entire state court litigation in this federal forum.  Encompass suggests that Federal Rule of Civil Procedure 60(b)(6) provides the requisite authority for this Court to act, even though "[r]elief under Rule 60(b) ordinarily is obtained by motion *in the court*

*that rendered the judgment.*" 11 Charles Alan Wright, et al., Fed. Prac. & Proc. § 2865 (3d ed. 2018) (emphasis added).  Encompass is aware that neither this Court nor another federal district court entered the judgment it now seeks to vacate.  Instead, Encompass suggests that Rule 60(b) can be used to justify the vacatur of an order issued by a separate sovereign.  This argument is without merit.

The *Rooker-Feldman* doctrine "prohibits lower federal courts from exercising appellate review of state court judgments."  *Skit Int'l, Ltd. v. DAC Tech. of Ark., Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007) (citing *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.,* 263 U.S. 413, 416 (1923)).  The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).   Encompass's Motion to Vacate presents a classic *Rooker-Feldman* issue, and the Motion to Vacate (Doc. 13) is **DENIED** on that basis.

**IT IS SO ORDERED** on this 13th day of April, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

6