IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAUL I. WILLS                                                                                           PLAINTIFF

V.                                        CASE NO. 2:20-CV-2150

ENCOMPASS INSURANCE COMPANY
and ENCOMPASS INDEMNITY COMPANY                                              DEFENDANTS

**OPINION AND ORDER**

Before the Court are cross-motions for summary judgment on the tort of bad faith—the only remaining claim in the lawsuit. On May 13, 2021, Dr. Paul I. Wills filed his Motion for Summary Judgment (Doc. 51), Statement of Undisputed Facts (Doc. 52), and Brief in Support (Doc. 53); and on the same date, Defendants Encompass Insurance Company and Encompass Indemnity Company (collectively, "Encompass") filed a Cross-Motion for Summary Judgment (Doc. 54), Statement of Facts (Doc. 57), and Brief in Support (Doc. 56). The parties then filed responses and replies to both Motions, see Docs. 58–63, which made them ripe for decision.

A party moving for summary judgment must establish both the absence of a genuine dispute of material fact and its entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999). The same standard applies where, as here, the parties have filed cross-motions for summary judgment. When no material facts are in dispute, "summary judgment is a useful tool whereby needless trials may be avoided, and it should not be withheld in an appropriate case." *United States v. Porter*, 581 F.2d 698, 703 (8th Cir. 1978). Each motion should be reviewed in its own right, however, with each side "entitled

to the benefit of all inferences favorable to them which might reasonably be drawn from the record." *Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983); see also *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1998). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

On November 17, 2015, Dr. Wills sustained neck and back injuries after his vehicle was struck by an underinsured motorist. He was taken to the emergency room, treated, and released the same day. At the time of the accident, Dr. Wills was in his seventies and was suffering from Stage 1 Parkinson's disease, a diagnosis he obtained around the year 2009. He believes that prior to the accident, he had succeeded in slowing down the progression of his Parkinson's symptoms through the years by maintaining an active lifestyle and exercising daily with a personal trainer. He was also practicing medicine at the time of the accident and planned to do so for about three more years before retiring.

According to his affidavit, Dr. Wills claims that soon after the accident, his "Parkinson['s] symptoms exploded," and "[w]ithin the week, [he] was diagnosed with STAGE 3 or 4 Motor Parkinson's." (Doc. 52, p. 5). He believes the accident proximately caused an acceleration of his Parkinson's disease, which meant he could no longer work for the next three years as a doctor.

Soon after the accident, Dr. Wills made a claim for damages against the tortfeasor's insurance company. That company paid Dr. Wills $50,000, the limit of the tortfeasor's liability policy. Dr. Wills then made a first-party claim for benefits from his

2

own insurance company, Encompass, for the $500,000 limit of his underinsured-motorist policy. To support his demand, he produced an affidavit prepared by one of his doctors that opined that the rapid onset of his Parkinson's symptoms was caused by the car accident. (Doc. 55-1). Dr. Wills projected that if he had continued to work for three more years, his earnings would have totaled between $1.2 million and $1.95 million, *see* Doc. 53, pp. 4–5, so a $500,000 payment under the policy he held with Encompass was well justified.

For its part, Encompass was skeptical of Dr. Wills's claim that the car accident proximately caused his worsening Parkinson's disease. The company consulted with its own medical expert, who opined in an affidavit that the car accident had no effect on the natural progression of the disease. (Doc. 2-10, pp. 9–10). Encompass took the position that the accident proximately caused only the injuries associated with Dr. Wills's neck and back, and nothing more. Since those medical bills totaled less than $7,000, *see* Doc. 54-4, pp. 16–17, Encompass believed there was no merit to Dr. Wills's demand for further payment under the underinsured-motorist policy and denied the claim. Nevertheless, the Circuit Court of Sebastian County, Arkansas, found in Dr. Wills's favor and awarded him a $500,000.00 judgment against Encompass.[1] *See* Doc. 2-15.

With that background in mind, the Court now turns to the facts supporting Dr. Wills's bad-faith claim. He contends that Encompass committed bad faith when it refused to timely pay him what he firmly believes he was owed, failed to negotiate with him or

---

[1] The procedural history of the state court action, including the circumstances giving rise to this Court's removal jurisdiction of the bad-faith claim, is as tortured as it is confusing. Rather than repeat it here, the Court refers the reader to a summary of the procedural history as explained in a prior Order. *See* Doc. 48, pp. 1-5.

respond to his repeated demands for payment, and declined to make him a reasonable settlement offer. Assuming all these facts are true, Encompass's actions do not amount to the tort of bad faith under Arkansas law. The tort is established when "'an insurance company affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured.'" *Selmon v. Metro. Life Ins. Co.*, 277 S.W.3d 196, 201 (Ark. 2008) (quoting *Columbia Nat'l Ins. Co. v. Freeman*, 64 S.W.3d 720, 723 (Ark. 2002)). The tort requires evidence of "a state of mind characterized by hatred, ill will, or a spirit of revenge." *Unum Life Ins. Co. of Am. v. Edwards*, 210 S.W.3d 84, 87 (Ark. 2005); *see also Switzer v. Shelter Mut. Ins. Co.*, 208 S.W.3d 792, 801 (Ark. 2005). There are no such facts in the summary judgment record; instead, the facts show that Encompass simply disagreed that it owed money to Dr. Wills. It is black letter law that bad faith "does not arise from a mere denial of a claim; there must be affirmative misconduct." *Selmon*, 277 S.W.3d at 202 (internal citation omitted).

**IT IS THEREFORE ORDERED** that Plaintiff Paul I. Wills's Motion for Summary Judgment (Doc. 51) is **DENIED**, and Defendants Encompass Insurance Company and Encompass Indemnity Company's Cross-Motion for Summary Judgment (Doc. 54) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**, and all other pending motions are **DENIED AS MOOT**. A separate judgment will issue concurrently with this Order.

**IT IS SO ORDERED** on this 8th day of June, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE